**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

TARA L. WEBB-JONES, *individually and* :
*on behalf of all others similarly situated,* :
442 Edgemore Road :
Philadelphia, PA 19151 :
 :
              Plaintiff, :
 : Civil Action No.: _____
    v. :
 : **JURY TRIAL DEMANDED**
AMERIHEALTH CARITAS :
SERVICES, LLC :
100 Stevens Drive :
Philadelphia, PA 19113 :
 :
             Defendant. :

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Tara L. Webb-Jones ("Plaintiff") hereby brings this action against Defendant AmeriHealth Caritas Services, LLC ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay her and other similarly-situated individuals employed in the position of Grievance Coordinator ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff was an employee of Defendant employed in the position of Grievance Coordinator. Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of

forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendant unlawfully misclassified her and Class Plaintiffs as employees exempt from overtime compensation under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiff contends that she and Class Plaintiffs are/were owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains an office location within the Commonwealth of Pennsylvania in Philadelphia, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and a substantial part of the

unlawful practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9. Plaintiff Tara L. Webb-Jones currently resides at 442 Edgemore Road, Philadelphia, PA 19151.

10. Upon information and belief, Defendant AmeriHealth Caritas Services, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate address of 1209 Orange Street, Wilmington, DE 19801, and principal place of business at 100 Stevens Drive, Philadelphia, PA 19113.

11. Defendant is a "private employer" and covered by the FLSA.

12. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     This action is brought as a collective action to cover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly-situated current and former employees of Defendant.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Grievance Coordinator, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were classified as exempt, paid on a salary basis, and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that she and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying its Grievance Coordinators as employees exempt from overtime compensation under the FLSA.

18.     Plaintiff estimates that there are in excess of eighteen (18) other similarly situated Grievance Coordinators who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours work in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

19.     Pursuant to 29 U.SC. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as employees exempt from overtime compensation under the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Grievance Coordinator who were classified by Defendant as employees exempt from overtime compensation, paid on a salary basis, worked over forty (40) hours in a workweek, and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and/or publication.

24. Pursuant to the Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B. Whether Defendant improperly classified Plaintiff and the Class as exempt rather than non-exempt employees under the PMWA;

C. Whether Plaintiff and the Class were based in Pennsylvania for purposes of coverage under the PMWA;

D. Whether Defendant failed to accurately track and maintain all of the hours worked by Plaintiff and the Class;

E. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

F. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

25. Plaintiff's claims are typical of the claims of the Class Plaintiffs. Plaintiff was an employee of Defendant employed in the position of Grievance Coordinator who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

26. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any question affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members would create a risk of inconsistent

and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Plaintiff first began her employment with Defendant in or around September 2011, and transitioned to the position of Grievance Coordinator in August 2017.

32. Plaintiff continued working for Defendant as a Grievance Coordinator until her separation from employment on or about January 7, 2020.

33. Upon information and belief, Defendant employees or has employed in excess of forty (40) Grievance Coordinators during the past three (3) years, a large percentage of which were based in and/or performed significant services for Defendant within the Commonwealth of Pennsylvania.

34. In her capacity as Grievance Coordinator, Plaintiff's primary job duties involved the performance of routine mental and manual work for Defendant.

35. In this regard, Plaintiff, and, upon information and belief, Class Plaintiffs, would determine whether a grievance was a "front-end" or "back-end" grievance, complaint, and/or appeal. Specifically, Plaintiff, and, upon information and belief, Class Plaintiffs, would receive the case (e.g., complaint, grievance, or appeal), draft correspondence to clients utilizing Defendant's state-mandated template, gather information with respect to the case, research/investigate the case and add information, set and facilitate meetings for the case, provide a summary of the case, and facilitate a meeting with a review panel where the Board Certified

Medical Director would determine the outcome of the case and Plaintiff would send the determination letter with such decision.

36. During the course of her employment, Plaintiff performed a substantial percentage of her job within the Commonwealth of Pennsylvania.

37. Plaintiff and, upon information and belief, Class Plaintiffs were/are paid on a salary basis for compensable work performed.

38. Plaintiff and, upon information and belief, Class Plaintiffs began being compensated on a salary basis in or around August 2017.

39. Prior to in or around August 2017, Plaintiff and, upon information and belief, Class Plaintiffs were compensated on an hourly basis.

40. Notably, from in or around August 2017 to Plaintiff separation, Defendant utilized temporary staff from an agency performing the same and/or similar work as Plaintiff, and, upon information and belief, Class Plaintiffs, and were compensated on an hourly basis.

41. Plaintiff and, upon information and belief, Class Plaintiffs worked approximately seventy (70) hours per workweek.

42. Plaintiff and, upon information and belief, Class Plaintiffs, regularly begin their workday at 8:30 AM and continued working until at least 10:30 PM.

43. Occasionally, Plaintiff, and, upon information and belief, Class Plaintiffs, worked into the following morning. Thus, Plaintiff, and, upon information and belief, Class Plaintiffs, worked from 8:30 AM until 3:00 AM the following day.

44. Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs typically worked significantly in excess of forty (40) hours per week, they did not receive any overtime compensation for overtime hours worked.

45. Plaintiff and Class Plaintiffs were classified as employees "exempt" under the FLSA and PMWA by Defendant, are/were paid on a salary basis, and were not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

46. Plaintiff and Class Plaintiffs are/were misclassified by Defendant as employees "exempt" and were, in actuality, non-exempt employees of Defendant within the meaning of the FLSA and PMWA.

47. Defendant maintains/maintained significant control over the manner by which Plaintiff and Class Plaintiffs performed/perform their duties as Grievance Coordinators.

48. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiff and Class Plaintiffs when and where to work.

49. Upon information and belief, Plaintiff and Class Plaintiffs are/were required to perform their work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

50. During a typical average workweek, Plaintiff generally worked approximately seventy (70) hours.

51. For example, during the workweek of January 14, 2019, Plaintiff worked approximately seventy (70) hours, generally beginning work at 8:30 AM and continuing to work until around 10:30 PM, Monday through Friday.

52. In addition, during the workweek of December 16, 2019, Plaintiff worked over ninety (90) hours, generally beginning work at 8:30 AM and continuing to work until around 2:30 AM, Monday through Friday.

53. Despite thus working approximately thirty (30) hours and fifty (50) hours of overtime during the respective aforementioned workweeks, Plaintiff received no overtime compensation. Instead, Plaintiff received only her salary.

54. Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as employees "exempt" under the FLSA and PMWA.

55. Upon information and belief, Defendant was aware of the excess hours worked by Plaintiff and, upon information and belief, Class Plaintiffs. By way of example, Defendant's Regional Director, Patrick Dougherty, told Plaintiff "We can see when you're in the system working."

56. Upon information and belief, Class Plaintiffs also worked on scheduled vacation days and holidays to catch up on work, but did not receive compensation for such work on holidays or all of their vacation days worked returned.

57. Upon information and belief, Defendant was aware of hours worked on scheduled vacation days and holidays. By way of example, Defendant's Manager, Stephanie Curtis, told Plaintiff "If you're going to work on your day off, I'll give you additional work to complete."

58. Plaintiff also copied Defendant's Manager, Stephanie Curtis, on numerous emails with timestamps of 1:00 AM, 2:00 AM, and even 5:00 AM.

59. Additionally, Defendant's Manager, Stephanie Curtis, requested the hiring of temporary staff to accommodate the excessive workload.

60. Plaintiff made multiple complaints to the Supervisors, Manager, and Director as well as Defendant's Human Resources ("HR") Department regarding the excessive hours worked.

Specifically, Plaintiff requested to be paid hourly instead of salary, as she had been paid prior to August 2017.

61. Plaintiff and Class Plaintiff do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA and PMWA.

62. Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

63. Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

64. Upon information and belief, Plaintiff's and Class Plaintiffs do not perform non-manual work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

65. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

66. Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished form the performance of routine mental, manual, and mechanical work. Rather, Plaintiff and Class Plaintiffs were/are required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

67. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

68.   Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff and Class Plaintiffs.

69.   Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

70.   As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

71.   Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

72.   Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

73.   Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular of pay, for all hours worked in excess of forty (40) hours per week.

74.   Defendant misclassified Plaintiff and Class Plaintiffs as "exempt" employees, rather than non-exempt employees within the meaning of the FLSA, thus failing to pay them overtime compensation, for all hours worked over forty (40) in a workweek.

75.   The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

76. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable provisions.

77. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of themselves and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Grievance Coordinator, and authorizing Plaintiff's counsel to issue a notice at the earlies possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.  Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.  Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

H.  Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

I.  Awarding pre-and post-judgment interest and court costs as further allowed by law;

J.  Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

K.  For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

78.  Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

79.  The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

80.  The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

81.  Plaintiff and, upon information and belief, Class Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as

15

described above, the fact that they regularly reported to and performed work for Defendant within the Commonwealth of Pennsylvania, received directives from Defendant's management in Pennsylvania, and were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management.

82.  By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

83.  As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1969, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.  An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.  An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C.  An award to Plaintiff and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.  An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                    Respectfully submitted,

                    **MURPHY LAW GROUP, LLC**

                By: /s/ Michael Murphy, Esq.
                    Michael Murphy, Esq.
                    Eight Penn Center, Suite 2000
                    1628 John F. Kennedy Blvd.
                    Philadelphia, PA 19103
                    TEL: 267-273-1054
                    FAX: 215-525-0210
                    murphy@phillyemploymentlawyer.com
                    *Attorney for Plaintiff*

Dated: September 4, 2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff and Class Plaintiffs employment, to their potential claims and claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.